RACHELE R. BYRD (190634)
byrd@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.com
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile:  619/234-4599

*Attorneys for Movants Denise Carideo and Christopher Harrington*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT C. HARTMANN, Individually and on Behalf of All Others Similarly Situated,<br><br><br>Plaintiff,<br><br>v.<br><br>VERB TECHNOLOGY COMPANY, INC., and RORY J. CUTAIA,<br><br><br>Defendant. | Case No.: 2:19-cv-05896<br><br>**NOTICE OF MOTION AND MOTION OF DENISE CARDIDEO AND CHRISTOPHER HARRINGTON FOR:**<br>**(1) CONSOLIDATION OF THE RELATED ACTIONS;**<br>**(2) APPOINTMENT AS LEAD PLAINTIFFS; AND**<br>**(3) APPROVAL OF SELECTION OF COUNSEL**<br><br>DATE:        October 7, 2019<br>TIME:        8:30 A.M.<br>CTRM:      9D, 9th Floor<br>JUDGE:     Hon. George H. Wu |

[Caption continues on next page]

BUMJIN KIM, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

VERB TECHNOLOGY COMPANY, INC., and RORY J. CUTAIA,

Defendants.

Case No. CV-19-06944-GW (MAA)

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 7, 2019 at 8:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable George H. Wu, Judge of the United States District Court for the Central District of California, in Courtroom 9D, 9th Floor of the above-entitled Court located at 350 W. First Street, Los Angeles, California 90012, movants and proposed Lead Plaintiffs Denise Carideo and Christopher Harrington ("Movants") will, and hereby do, move this Court for an order:  (i) consolidating the related actions; (ii) appointing Movants as Lead Plaintiffs in the consolidated action; and (iii) approving Movants' selection of Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel.

This motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, on grounds that Movants have timely filed this motion, are the most adequate plaintiffs, and meet the requirements of rule 23 of the Federal Rules of Civil Procedure.  This motion is based upon this notice of motion, the memorandum of points and authorities attached hereto, the Declaration of Rachele R. Byrd filed in support thereof, any reply papers subsequently filed, and any argument presented by counsel at a hearing on the motion.

Local Rule 7-3 requires a conference of counsel prior to filing motions. Movants, however, do not know if any other class member plans to move for appointment as lead plaintiff.  Therefore, Movants respectfully request that the conference requirement of Local Rule 7-3 be waived as to this statutory motion deadline in keeping with the requirements of the PSLRA.

Respectfully submitted,

DATED: September 9, 2019    **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By:    */s/ Rachele R. Byrd*
Rachele R. Byrd

RACHELE R. BYRD
BRITTANY N. DEJONG
750 B Street, Suite 1820
San Diego, CA 92101
Telephone:   619/239-4599
Facsimile:   619/234-4599
byrd@whafh.com
dejong@whafh.com

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
MATTHEW M. GUINEY
KEVIN G. COOPER
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
guiney@whafh.com
kcooper@whafh.com

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

Movants and proposed Lead Plaintiffs, Denise Carideo and Christopher Harrington ("Movants"), respectfully submit this memorandum of law in support of their motion pursuant to Section 21D(A)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an Order:  (i) consolidating the two related actions pending in this District; (ii) appointing Movants as Lead Plaintiffs in this action on behalf of purchasers of Verb Technology Company, Inc. ("Verb" or "the Company") common stock; and (iii) approving Movants' selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Lead Counsel.

Movants' motion should be granted.  As shown below, Movants' motion is timely as it is filed within sixty (60) days of the first published notice of this class action litigation brought on behalf of the Company's common stockholders under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5) against Defendants.[1]  Furthermore, Movants are the "most adequate plaintiffs" within the meaning of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) because they have the largest financial interest of any Lead Plaintiff movant in the relief sought by the proposed class and otherwise meet the requirements of rule 23(a) of the Federal Rules of Civil Procedure.  Additionally, Movants' selection of Wolf Haldenstein as Lead Counsel should be approved, as the firm has substantial experience prosecuting securities class action litigation. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

---

[1]  "Defendants" shall refer collectively to Verb and Rory J. Cutaia, unless otherwise specified.

- 1 -

## II.   STATEMENT OF FACTS

On July 9, 2019, *Hartmann v. Verb Technology Company, Inc., et al.* was filed in this Court alleging violations of the Exchange Act on behalf of all persons other than Defendants who purchased or otherwise acquired common shares of Verb between January 3, 2018 and May 2, 2018, both dates inclusive (the "Class" and the "Class Period").   On July 10, 2019, counsel for plaintiff Hartmann published a notice of pendency of the class action on Globe Newswire (the "Notice"), advising members of the proposed Class of their right to move this Court to serve as lead plaintiff no later than 60 days from the date of publication of the Notice (by September 9, 2019).   A true and correct copy of the Notice is attached as Exhibit ("Ex.") A to the Declaration of Rachele R. Byrd in Support of Motion of Denise Carideo and Christopher Harrington for:  (1) Consolidation of the Related Actions; (2) Appointment as Lead Plaintiffs; (3) and Approval of Selection of Counsel (the "Byrd Decl.").

Specifically, the *Hartmann* action alleges that Defendants violated Sections 10(b) and 20(a) of the Exchange Act, as well as SEC Rule 10b-5, by making materially false and misleading statements as well as failing to disclose material adverse facts about the Company's business and operations. ¶ 19.[2]   The Complaint alleges, *inter alia*, "Defendants made false and/or misleading statements as to the scope of the Agreement with Oracle as the Company did not have a contract with Oracle to jointly develop and market the Company's product and that as a result . . . the Company's public statements were materially false and misleading at all relevant times." *Id.*

On August 9, 2019, *Kim v. Verb Technology, Inc., et al.*, was filed with substantially similar allegations and claims as the *Hartmann* action, seeking relief

---

[2]   All  paragraph  references  ("¶")  are  to  the  Class  Action  Complaint  for Violation of the Federal Securities Laws, filed in *Hartmann v. Verb Technology Company, Inc., et al.* on July 9, 2019 (ECF No. 1).

for the same proposed class of investors.  Together, *Hartmann* and *Kim* are referred to herein as the "Actions."

As a result of Defendants' wrongful acts and omissions, Movants and other Class members have suffered significant losses and damages.

## III.   LEGAL ARGUMENT

### A.   The Court Should Consolidate the Pending Actions

Under the lead plaintiff provisions of the Exchange Act, 15 U.S.C. § 78u-4, *et seq.*, if multiple actions involving "substantially the same claim or claims" are pending, the Court tasked with selecting the lead plaintiff should postpone that selection "until after the decision on the motion to consolidate is rendered.  As soon as practicable after such decision is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions in accordance with this paragraph."  15 U.S.C. § 78u-4(a)(3)(B)(ii).

Accordingly, the Actions should be consolidated pursuant to Rule 42(a), which provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

"'The district court has broad discretion under this rule to consolidate cases pending in the same district.'" *Gaspard v. DEA Task Force*, No. ED CV 15-01802-VBF-KES, 2019 U.S. Dist. LEXIS 41994, at *8 (C.D. Cal. Jan. 24, 2019) (quoting *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989)).

The Actions assert claims against the same Defendants and involve common questions of law and fact.  When actions involving a common question of law or fact are pending before a court, the court may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid

- 3 -

unnecessary cost or delay. *See Stone v. Agnico-Eagle Mines, Ltd.*, 280 F.R.D. 142, 143-44 (S.D.N.Y. 2012). In so doing, a district court has discretion in determining whether consolidation is appropriate. Here, there is no reason to proceed with two separate class actions covering the same putative classes and alleged wrongdoing.

Moreover, the consolidation of related proceedings pursuant to rule 42(a) will avoid the unnecessary waste of judicial resources and additional cost and delay to the parties; it would make little sense to have two competing class actions litigating the same dispute. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 10.123 (2004) (in complex litigation, related proceedings should be coordinated to further efficiency and effective case administration).

### B. Movants Should be Appointed Lead Plaintiffs

#### 1. The Procedure for Appointment of Lead Plaintiff Under the PSLRA

The PSLRA sets forth the procedure governing the appointment of Lead Plaintiff in a private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(1). Under the first step of this procedure, the plaintiff who files a putative class action under the PSLRA must publish, within twenty days of filing the action, a notice advising members of the purported plaintiff class of the: (i) pendency of the action; (ii) claims asserted therein; (iii) purported class period; and (iv) option of any member of the purported class to move to serve as lead plaintiff of the purported class not later than 60 days after the date on which the notice is published. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).

Under the PSLRA, the Court is then required to appoint as lead plaintiff the "most adequate plaintiff," which the PSLRA defines as "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides:

- 4 -

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person . . . that –

> (aa)    has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).[3]  *See In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

### 2.    The Notice Requirements under the PSLRA Have Been Satisfied

The notice requirements set forth in 15 U.S.C. § 78u-4(a)(3)(A) have been satisfied.   On July 10, 2019, a notice of pendency was published on Globe Newswire advising purchasers of Verb stock of:  (i) the pendency of a securities class action under the Exchange Act against Defendants; (ii) the claims asserted; (iii) the purported Class Period of the litigation; and (iv) the right of any member of the purported Class to move the Court to serve as lead plaintiff within the 60 day period (by September 9, 2019).

---

[3]    The PSLRA provides that:

The presumption [of the claimant with the largest loss being lead plaintiff] may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff –

> (aa)    will not fairly and adequately protect the interests of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

- 5 -

### 3.    Movants Have the Largest Financial Interest in the Relief Sought By the Class

Movants have "the largest financial interest in the relief sought by the class" within the meaning of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  According to the information provided in the Certifications (*see* Byrd Decl., Ex. B), Movants sustained a combined estimated recoverable loss of approximately $105,303.21 as a result of Defendants' actions during the proposed Class Period.  *See* Byrd Decl., Ex. C.  Movants know of no other persons who have sought to be Lead Plaintiff in these Actions who possess a larger financial interest as a purchaser of Verb stock. *See Karam v. Corinthian Colleges, Inc.*, No. CV 10-6523-GHK (RCx), 2011 U.S. Dist. LEXIS 157041, at *2 (C.D. Cal. Mar. 30, 2011).

### 4.    Movants Have Satisfied the Other Requirements of the PSLRA

Movants have satisfied each of the other requirements of the PSLRA for appointment as Lead Plaintiff.  First, Movants have signed Certifications pursuant to federal securities laws, under oath, which state:

(i)    that each has reviewed the operative complaint;

(ii)    that each did not purchase the shares of the Company's stock at the direction of plaintiffs' counsel or in order to participate in any private action arising under the federal securities laws;

(iii)    that each is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

(iv)    all of their transactions in the shares of Verb during the Class Period;

(v)    that each has not sought to serve, nor has served, as a representative party on behalf of a class in any private federal securities class action during the three-year period preceding the date on which the certification was signed; and

- 6 -

(vi)    that each will not accept any payment for serving as a representative party on behalf of the Class beyond his or her pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the court.

*See* 15 U.S.C. § 78u-4(a)(2)(A)(i-vi); Byrd Decl., Ex. B.  Movants have also satisfied the PSLRA by moving for appointment as Lead Plaintiffs within 60 days after the date on which the Notice was published.  *See* 15 U.S.C. § 78u-4(a)(3)(A); *see also* Byrd Decl., Ex. A.

Second, Movants satisfy the requirements of rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) is satisfied for the purposes of this motion where: (i) the claims of the proposed lead plaintiffs are typical of the claims of the class; and (ii) the proposed lead plaintiffs will fairly and adequately protect the interests of the class.[4]  *Cavanaugh*, 306 F.3d at 730.

Movants satisfy both the "typicality" and "adequacy" requirements under Rule 23(a).  Under Rule 23(a)(3), the "typicality" requirement is satisfied where the claims of the proposed class representatives arise from the same course of conduct that gives rise to the other class members' claims, where these claims are based on the same legal theory, and where the class members and proposed class representatives were injured by the same conduct.  *See Feyko v. Yuhe Int'l, Inc.*, No. CV 11-05511 DDP (PJWx), 2012 U.S. Dist. LEXIS 28040, at *6-7 (C.D. Cal. Mar. 2, 2012).  Typicality is not an exacting test.  *Hanlon v. Chrysler Corp.*, 150

---

[4]    Although there are two other requirements under rule 23(a) of the Federal Rules of Civil Procedure – that the class be so numerous that joinder of all members is impracticable (Fed. R. Civ. P. 23(a)(1)) and that there be questions of law or fact common to the class (Fed. R. Civ. P. 23(a)(2)) – "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

F.3d 1011, 1020 (9th Cir. 1998). In this action, Movants' claims are typical of those claims belonging to all Class members. Like all class members, Movants suffered damages from purchases of Verb stock that took place while Defendants made false and misleading representations concerning the Company in violation of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. Furthermore, Movants' interests are clearly aligned with those of the members of the Class, and there is no evidence of any antagonism between their interests and those of the Class.

The "adequacy" requirement of Rule 23(a)(4) is satisfied when the proposed class representatives do not have interests antagonistic to the proposed class, and where the proposed class representatives have retained experienced and capable counsel. *In re Emulex Corp. Sec. Litig.*, 210 F.R.D. 717, 720 (C.D. Cal. 2002). Here, Movants have demonstrated that they will adequately represent the interests of the Class by obtaining qualified and experienced counsel and by submitting Ccertifications to the Court pursuant to federal securities laws indicating that each has reviewed the operative complaint and is willing to assume the responsibilities of a class representative. *See* Byrd Decl., Ex. B.

All of these factors demonstrate that Movants' claims are typical of the claims of the Class within the meaning of Rule 23(a)(3), and that Movants will fairly and adequately represent the interests of the Class under Rule 23(a)(4).

Movants should therefore be appointed Lead Plaintiffs on behalf of the proposed Class.

### 5. The Court Should Approve Movants' Choice of Counsel

The PSLRA expressly provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb a proposed lead plaintiff's choice unless "necessary to protect the interests of the plaintiff class." Statement of Managers – "The Private Securities Litigation Reform Act of

1995," 141 CONG. REC. No. 188 at H13700 (daily ed. Nov. 28, 1995).  *See also Cavanaugh*, 306 F.3d at 732-33; *In re Cohen*, 586 F.3d 703 (9th Cir. 2009).

The Court should approve Wolf Haldenstein as Movants' selection of Lead Counsel.  The firm has extensive experience in the area of securities class action litigation, as detailed in its firm resume.  Byrd Decl., Ex. D.  Therefore, the Court may be assured that the Class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court: (i) consolidate the Actions; (ii) appoint Movants as Lead Plaintiffs for the Class; and (iii) approve the selection of Wolf Haldenstein as Lead Counsel.

Respectfully submitted,

DATED: September 9, 2019

**WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP**

By:      */s/ Rachele R. Byrd*
         Rachele R. Byrd

RACHELE R. BYRD
BRITTANY N. DEJONG
750 B Street, Suite 1820
San Diego, CA 92101
Telephone:   619/239-4599
Facsimile:   619/234-4599
byrd@whafh.com
dejong@whafh.com

**WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP**
MATTHEW M. GUINEY
KEVIN G. COOPER
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
guiney@whafh.com
kcooper@whafh.com

*Attorneys for Movants Denise Carideo
and Christopher Harrington*

VERB:25916

- 9 -