UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5896-GW-MAAx | Date | October 7, 2019 |
|---|---|---|---|
| Title | *Scott C. Hartmann v. Verb Technology Company, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | Terri A. Hourigan | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:

Josh Baker                                        Dylan Savage

**PROCEEDINGS:        MOTION OF J. LEISTER TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL [24]**

**MOTION OF DENISE CARDIDEO AND CHRISTOPHER HARRINGTON FOR: (1) CONSOLIDATION OF THE RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFFS; AND (3) APPROVAL OF SELECTION OF COUNSEL [28]**

**MOTION OF NATHAN PHILLIPS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL [30]**

Court and counsel confer. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court GRANTS the motions to consolidate, to appoint Leister as lead plaintiff, and to appoint Rosen as lead counsel.

                                                                        :        01

                                        Initials of Preparer    JG

*Hartmann v. Verb Technology Company, Inc., and Rory J. Cutaia*; Case No. 2:19-cv-05896-GW-(MAAx)
*Kim v. Verb Technology Company, Inc., and Rory J. Cutaia*; Case No. 2:19-cv-06944-GW-(MAAx)
Tentative Rulings on: (1) Motion for Consolidation, (2) Appointment as Lead Plaintiff, and (3) Approval of Lead Plaintiff's Choice of Counsel

### Background

On July 9, 2019, Plaintiff Scott C. Hartmann ("Plaintiff"), individually and on behalf of a putative class, filed an action against Verb Technology Company, Inc. ("Verb") and Rory J. Cutaia for securities fraud. *See generally* Complaint, Docket No. 1. The putative class contains all persons or entities that purchased or otherwise acquired Verb common stock between January 3, 2018 and May 2, 2018, both days inclusive (the "Class Period"). *Id.* ¶ 1. Defendant Cutaia served as the chairman of the board and CEO of Verb.[1] *Id.* ¶ 9.

Verb purportedly operates as an applications services provider with cloud-based software products for businesses. *Id.* ¶ 12. As part of its business, Verb utilizes interactive videos as part of its customer relationship management application. *Id.* On January 3, 2018, Verb announced a purported agreement with Oracle America, Inc. (the "Oracle Agreement") to develop an app integrating Verb's notifiCRM technology into Oracle's NetSuite platform. *Id.* ¶¶ 13-14. Throughout the Class Period, Verb touted the Oracle Agreement. *See id.* ¶¶ 15-16. Verb claimed that Oracle's salesforce of 2,000 employees would sell Verb's technology as an "upgrade" to NetSuite in an interview with Uptick Newswire posted on February 23, 2018. *Id.* ¶ 16. The stock increased over 2000% during the Class Period. *Id.* ¶ 18.

On April 23, 2018, Verb released the actual terms of the Oracle Agreement, revealing that there was no joint agreement for Oracle to use its substantial salesforce to market Verb's product. *Id.* ¶ 23. The text of the Oracle Agreement also revealed the true nature of the relationship between Oracle and Verb: Verb had simply been provided with an application developer toolkit for its program to interface with Oracle NetSuite. *Id.* ¶ 24. Plaintiff claims that Verb's prior description overstated the company's deal with Oracle. *See id.* ¶¶ 24-25.

Movant J. Leister filed a motion: (1) to consolidate Hartmann's and Kim's actions; (2) to appoint Leister as lead plaintiff on behalf of all persons other than Defendants who purchased or

---

[1] On August 9, 2019, Bumjin Kim filed a nearly identical action against the same defendants. *See Kim v. Verb Technology Company, Inc., and Rory J. Cutaia*; Case No. 2:19-cv-06944-GW-(MAAx)

otherwise acquired Verb securities between January 3, 2018 and May 2, 2018, inclusive (the "Class Period"); an (3) to approve The Rosen Law Firm, P.A. ("Rosen") as lead counsel for the class. *See* Memorandum of Points and Authorities ("P & A"), Docket No. 25. Plaintiffs Denise Cardideo and Christopher Harrington and Plaintiff Nathan Phillips filed similar motions, *see* Docket No.s 28 & 30 ("Cardideo Motion" and "Phillips Motion"), but have since filed notices of non-opposition to Leister's motion, *see* Docket No.s 33 & 34. Defendants filed a Statement of Non-Opposition to all three motions. *See* Docket No. 35.

## Analysis

### I. Motion to Consolidate

Fed. R. Civ. P. 42(a) provides: "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . to avoid unnecessary cost or delay." *See* Fed. R. Civ. P. 42(a). The primary inquiry a court must address is whether the cases involve common questions of law or fact. *See In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 293 (E.D.N.Y. 1998); *Pan Am. World Airways, Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 523 F.2d 1073, 1080 (9th Cir. 1975). Similarly, the Private Securities Litigation Reform Act of 1995 (the "PSLRA") allows consolidation where parties have filed "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter." 15 U.S.C. § 78u-4(a)(3)(A)(ii). The district court has broad discretion in deciding whether to consolidate cases pending in the same district. *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) (citing *Investors Research Co. v. United States Dist. Court,* 877 F.2d 777, 777 (9th Cir.1989)). In exercising its discretion, the court weighs the interest of judicial convenience "against any inconvenience, delay, or expense that [consolidation] would cause." *Huene v. United States,* 743 F.2d 703, 704 (9th Cir.1984).

All movants agree that both cases involve common questions of law and fact. *See* P & A, at 4; *see also* Cardideo P&A, at 3-4; Phillips P&A, at 1. The Complaints filed in each action assert claims arising under Sections 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5. *See generally*, Complaint; Kim Complaint. Both Complaints name the same defendants and allege the same wrongful conduct, involving material misrepresentations involving the nature of the relationship between Verb and Oracle. *Id.* Both cases were recently filed in the Central District of California and have been

2

related before this Court.  *See* Order re: Transfer, Kim Docket No. 16.  Consolidating the cases would assist this Court and the parties in avoiding any future unnecessary cost or delay.  The Motion to Consolidate is GRANTED.

## II.  Appointment of Lead Plaintiff

### a.  Legal Standard

The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4, governs the district court's selection of a lead plaintiff in private securities class actions.  *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).  The PSLRA requires the court to select as lead plaintiff the plaintiff "most capable of adequately representing the interests of class members." *Id.* (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)).  The PLSRA narrowly defines the term "most capable" as the plaintiff "who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *Id.*

The PSRLA sets forth a three-step process for selecting the lead plaintiff.  *Id.*  First, the plaintiff who filed the earliest action must provide the public with sufficient notice so that other class members may seek appointment as lead plaintiff.  *Id.*; 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)-(II).  Second, the court must select the presumptive lead plaintiff by determining which plaintiff has the greatest financial stake in the action, whether that plaintiff's claims are typical of the class, and whether that plaintiff can "adequately protect the interests of the class."  *In re Cavanaugh,* 306 F.3d at 730 & n.5 (quoting Fed. R. Civ. P. 23(a)).  Third, once a presumptive lead plaintiff is selected, those plaintiffs not selected are given "an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* at 730.   If the district court determines that the presumptive lead plaintiff does not meet Rule 23's requirements, the process is repeated sequentially, beginning with the plaintiff who has the next highest stake in the action, until the PSLRA's requirements are met or all challenges have been exhausted. *Id.* at 731.

### b.  Discussion

#### i.  Notice

The first plaintiff to file a securities fraud class action must, within 20 days of filing, cause a notice to be published "in a widely circulated national business-oriented publication or wire service."  15 U.S.C. § 78u-4(a)(3)(A)(i).  The notice must advise potential class members "of the pendency of the action, the claims asserted therein, and the purported class period[.]"  15 U.S.C.

3

§ 78u-4(a)(3)(A)(i)(I). "Any class member, regardless of whether the member filed a complaint, may move for appointment as lead plaintiff." *Ferrari v. Gisch,* 225 F.R.D. 599, 602 (C.D. Cal. 2004) (citing 15 U.S.C. § 78u-4(a)(3)(B)(i)). However, class members must make their motions within 60 days of the statutorily mandated publication. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Additionally, "each prospective lead plaintiff must provide a sworn certification representing *inter alia* that he or she has read the complaint, did not purchase the security at the direction of counsel or in order to participate in any private action, and is willing to serve as a representative party." *Richardson v. TVIA, Inc.*, No. 06-CV-06304-RMW, 2007 WL 1129344, at *3 (N.D. Cal. Apr. 16, 2007) (citing 15 U.S.C. § 78u-4(a)(2)(A)(i)-(iii)). Plaintiff certifications must set forth all of the plaintiff's transactions in the security at issue during the class period specified in the complaint. *Id.*; 15 U.S.C. § 78u-4(a)(2)(A)(iv).

On January 10, 2019, counsel published an announcement on *Globe Newswire* stating that a securities class action had been filed against Verb. *See* Declaration of Laurence Rosen ("Rosen Decl."), Docket No., 26-1, Ex. 1. The notice contained all the information required under 15 U.S.C. § 78u-4(a)(3)(A)(i)(I). Additionally, Leister has submitted a sworn certification stating that he has reviewed the Complaint against Verb, that he did not purchase or acquire Verb's securities at counsel's direction, and that he is willing to serve as class representatives. *See* Rosen Decl., Ex. 2. Also, Leister has set forth his transactions in Verb's securities during the Class Period. *Id*. Leister has therefore met the PSLRA's notice requirements, brought his motion within 60 days, and satisfied the PSLRA's certification and transaction disclosure requirements.

### ii. **Presumptive Lead Plaintiff**

#### 1. **Financial Stake**

The PSLRA requires the district court to "appoint as lead plaintiff the member or members of the purported plaintiff class that [it] determines to be most capable of adequately representing the interests of the class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a rebuttable presumption that the person "most capable of adequately representing the interests of class members" is the "person or group of persons" who has the largest financial interest in the relief sought. *See Cavanaugh*, 306 F.3d at 729 & n.2, 732; 15 U.S.C. § 78u-4(a)(3)(B)(i), (iii).

Here, Leister alleges that he lost approximately $199,478.31 on his purchases of Verb securities in connection with the alleged fraud at issue. *See* Rosen Decl., Ex. 3. Prior movants Denise Cardideo, Christopher Harrington, and Nathan Phillips have all withdrawn their motions

for appointment as lead plaintiffs on the grounds that Leister's losses were greater than theirs. *See* Notice of Non-Opposition of Nathan Phillips, Docket No. 33; Notice of Non-Opposition of Denise Cardideo and Christopher Harrington, Docket No. 34.  Because Leister is unopposed as lead plaintiff and has shown (at least no one has challenged that he has) the greatest financial interest in the action, Leister is presumed to be the plaintiff most capable of adequately representing the class.

### 2.  Typicality

Under Rule 23(a)(3), the lead plaintiff's claims must be "typical" of the class's claims. *See* Fed. R. Civ. P. 23(a)(3).   The prospective lead plaintiff's claims are considered typical of the class's claims "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011) (quoting *Rodriguez v. Hayes,* 591 F.3d 1105, 1124 (9th Cir. 2010)).   "In determining whether typicality is satisfied, a Court inquires 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Zhamukhanov*, 2015 U.S. Dist. LEXIS 22180, at *10-11 (quoting *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir.1992)) (finding in both cases, that Rule 23's "typicality" requirement was satisfied where the proposed lead plaintiffs allegedly purchased securities during the class periods, in reliance upon defendants' false or misleading financial statements, and the plaintiffs suffered damages as a result).

Here, Leister's claims are typical of the claims of the class at large.  The claims for both Leister and the Class are based on the same statutes and legal theories, and they arise from the same set of facts, events, and course of conduct. *See* Leister P & A, at 7.  Leister, similar to the class at large, alleges that he purchased securities during the Class Period at artificially inflated prices, and suffered damages when Verb revealed its true relationship with Oracle. *Id.*  As Leister and the putative class purport to have suffered the same injury resulting from the same facts, and because they would all be relying on the same legal theory, Leister's claims are typical of the class at large.

### 3.  Adequacy

Since Leister's claims are typical of the class's claims, the court must determine whether Leister "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).

Leister's representation will be considered legally adequate so long as Leister's and his counsel's interests do not conflict with the interests of other class members, and Leister and its counsel will "prosecute the action vigorously on behalf of the class." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1998).

Here, Leister has demonstrated that he has the ability and motivation to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  Leister has the greatest financial stake in this action, and his claims for relief are based on the same questions of law and fact as the class at large. *See* Leister P & A, at 7.  Also, Leister has chosen an experienced law firm to prosecute this action on the putative class's behalf. *See* Rosen Decl., Ex. 4.

### iii.  **Rebuttal**

Under *Cavanaugh*, the court must provide other prospective lead plaintiffs with an "opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements."  *In re Cavanaugh*, 306 F.3d at 730 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).  Those plaintiffs not selected are allowed to present evidence that casts doubt on the presumptive lead plaintiff's ability to represent the class.  *Id.*  "In seeking evidence that could rebut the presumptive lead plaintiff's showing on these points, other plaintiffs may be allowed to conduct discovery if they 'demonstrate[ ] a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class.'"  *Id.* (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iv)).  Here, Leister's appointment as lead plaintiff is unopposed, and therefore, the Court selects Leister as lead plaintiff.

## III.  **Appointment of Lead Counsel**

Leister has selected Rosen to serve as lead counsel in this action. *See* Leister P & A, at 8. The PSLRA mandates that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).  The district court is not free to appoint counsel of its own choosing, and "if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen,* 586 F.3d at 710, 712.  "[T]he district court's authority to disapprove lead counsel should be exercised when necessary to protect the interests of the class." *Id.* at 712.

Here, Leister's choice of counsel is reasonable.  Rosen has substantial class action and securities litigation experience, having served as lead/co-lead counsel in several securities class actions. *See* Leister Decl., Docket No. 26-4, Ex. 4.  There is no indication in the record that this

firm lacks the ability or resources to protect the class's interests if litigation becomes complex or prolonged.  *Id.*  Therefore, this Court appoints Rosen as lead counsel.

### Conclusion

For the above stated reasons, the Court **GRANTS** the motions to consolidate, to appoint Leister as lead plaintiff, and to appoint Rosen as lead counsel.