**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT C. HARTMANN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERB TECHNOLOGY COMPANY, INC., and RORY J. CUTAIA,<br><br>Defendants. | No. 2:19-cv-05896-GW-MAA<br><br>**PLAINTIFFS' MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| BUMJIN KIM, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERB TECHNOLOGY COMPANY, INC., and RORY J. CUTAIA,<br><br>Defendants | No. 2:19-cv-06944-GW-MAA<br><br><u>CLASS ACTION</u><br><br>JUDGE:   Hon. George H. Wu<br>DATE:    July 16, 2021<br>TIME:    8:30 a.m.<br>CTRM:    9D |

Lead Plaintiff J. Leister and named plaintiff Alexander Wolfson ("Plaintiffs"), on behalf of themselves and all members of the Settlement Class, hereby respectfully move this Court for an Order granting the Motion for Distribution of Class Action Settlement Funds.

In support of this Motion, Plaintiffs submit the accompanying Memorandum of Law and the Declaration of Sara Evans Concerning the Results of the Claims Administration Process. Lead Plaintiffs respectfully request that the Court decide the Motion on the papers and enter the [Proposed] Order Granting Motion for Distribution of Class Action Settlement Funds considering the distribution submitted herewith.

Dated: May 28, 2021

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Laurence M. Rosen
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
T: (213)785-2610
F: (213) 226-4684
lrosen@rosenlegal.com

and

- 1 -

**THE ROSEN LAW FIRM, P.A.**

Jacob A. Goldberg (*pro hac vice*)
Joshua Baker (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA  19012
T: (215) 600-2817
F: (212) 202-3827
jgoldberg@rosenlegal.com
jbaker@rosenlegal.com

*Lead Counsel for Plaintiffs*

- 2 -

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS

### I. INTRODUCTION

This action has been settled pursuant to the terms of the Stipulation and of Settlement filed with the Court on September 18, 2020 ("Stipulation") (Dkt. No. 66-3). Unless otherwise defined, capitalized terms herein have the same meanings attributed to them in the Stipulation.

On October 28, 2020, the Court entered the Amended Order Granting Lead Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (Dkt. No. 75). On February 18, 2021, the Court entered the Order and Final Judgment (Dkt. No. 85).

The Court-appointed Claims Administrator, Strategic Claims Services ("SCS"), advised Lead Counsel that it has completed all analyses and accounting procedures in connection with the submitted claims and has finalized its determination of which claims are authorized and which are ineligible. *See* Declaration of Sarah Evans Concerning the Results of the Claims Administration Process ("Evans Declaration") at ¶¶6-9. All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. Lead Counsel therefore requests that the Court authorize the distribution of the Net Settlement Fund to Authorized Claimants, as identified in Exhibits B-1 and B-2 to the concurrently-filed Evans Declaration.

## II.   DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Preliminary Approval Order, Class Members wishing to participate in the Settlement were required to submit a Proof of Claim and Release Form ("Claim Forms") postmarked no later than February 4, 2021. Preliminary Approval Order ¶19(a). The Claims Administrator continued processing all claims received up to February 18, 2021. Evans Declaration ¶6. As a result of an effective notice program, through February 18, 2021, SCS has received 234 Claim Forms. *Id.* SCS reviewed all 234 Claim Forms and has now finalized its determination of which claims are authorized and which are ineligible. *Id.*

### A. Valid and Properly-Documented Claims

SCS analyzed 234 Claim Forms received through February 18, 2021 and determined that 113 valid and properly-documented claims were received. Of these 113 claims, 109 were timely (*i.e.* postmarked no later than February 4, 2021) ("Timely Valid Claims") and 4 were postmarked after February 4, 2021 but received on or before February 18, 2021 ("Late Valid Claims"). Evans Declaration ¶7(a). Based on their calculated Recognized Loss, the valid claims will receive their proportionate amount of the Net Settlement Amount as set forth in Exhibits B-1 and B-2 to the Evans Declaration.

Plaintiffs request that the Court approve all 113 valid claims, including the 109 Timely Valid Claims and the 4 Late Valid Claims. The Late Valid Claims have not

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS

caused delay to the distribution of the Net Settlement Fund or otherwise prejudiced any Authorized Claimant. Accordingly, Lead Plaintiffs believe that it would be unfair to prevent otherwise valid claimants from participating in the Net Settlement Fund solely because their claims were submitted after the February 4, 2021 submission deadline, but while claims were still being processed. *See In re Valuevision Int'l Inc. Sec. Litig.*, No. 94-CV-2838, 1997 WL 786457, at *1 (E.D. Pa. Dec. 1, 1997) (allowing claims submitted after claims deadline because there was no delay in claims administration process); *In re "Agent Orange" Product Liability Litig.*, 689 F. Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitted the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims"); *In re Authentidate Holding Corp. Sec. Litig.*, No. 05 CIV. 5323 LTS, 2013 WL 324153, at *1 (S.D.N.Y. Jan. 25, 2013) (courts have "inherent power to accept late claims") (citation omitted); *In re Crazy Eddie Securities Litigation*, 906 F. Supp. 840, 845 (E.D.N.Y. 1995) (court allowed late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001) (court allowed late claim on "finite pool of assets").

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS

Accordingly, Lead Plaintiffs respectfully request that the Court approve the 113 properly documented claims as listed in Exhibits B-1 and B-2 to the Evans Declaration.

## B.  Deficient and Ineligible Claims

### 1.  Inadequately Documented Claims

SCS initially identified 46 inadequately documented claims. Evans Declaration ¶5(b). For all inadequately documented claims, SCS sent deficiency notices advising claimants of the inadequacy and giving them the opportunity to cure the deficiency. *Id.,* Exhibit C. Of the 46 claims initially identified as deficient, 20 have been successfully cured and are now considered valid. *Id.* The remaining 26 deficient claims either did not respond to the inadequacy notice or responded with insufficient documentation. *Id.,* Exhibit D. These claimants were sent a rejection notice explaining the reason(s) for their inadequacy. *Id.*

To date, one of the 26 rejected claimants has objected to or contested SCS's determination. Evans Declaration*,* ¶5(b). SCS determined that Claim #52 is ineligible due to insufficient documentation. *Id*. at ¶5(b)(i). SCS cannot process Claim #52 because the documents the putative claimant submitted in support of Claim #52 are deficient. Evans Decl. ¶5(b)(i). A copy of Claim #52, the deficiency notice, documentation submitted, and communications between the claimant and SCS is attached as Exhibit E to the Evans Declaration. Plaintiffs respectfully ask the Court to accept SCS's determination rejecting Claim #52. Through the Settlement

- 6 -

Administrator, Plaintiffs have informed the potential claimant of the July 16, 2021 hearing on this Motion, his right to contest the rejection of Claim #52 at the hearing on this Motion, and the L.R. 7-9 deadline by which he must file with the Court his opposition, in part, to this Motion.[1]

### 2. Claims Rejected for Reasons Other Than Inadequate Documentation

SCS has identified 95 claims that it recommends for complete rejection. Evans Declaration ¶5(c), Exhibit F. The reasons for rejection included: (i) claims with no Recognized Losses; (ii) claims with shares purchased outside of Settlement Class Period; (iii) claims with shares sold short; (iv) claims with shares that were received or transferred into an account, but not purchased; (v) duplicate claims filed; (vi) and (vi) claims filed with the wrong security. *Id*. Such claimants were sent rejection notices advising them of SCS's determination. *Id.,* Exhibit G.

## III. PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to ¶7.1 of the Stipulation, "After the Effective Date, Lead Counsel shall apply to the Court, on notice to the Parties, for the Settlement Fund Distribution Order." Further, pursuant to ¶7.3 of the Stipulation, "Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the

---

[1] L.R. 7-9 requires anyone opposing this Motion to Each opposing party shall, not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than twenty-one (21) days before the date designated for the hearing of the motion in all other instances

- 7 -

terms of the Plan of Allocation set forth in the Notice and any orders of the Court." Upon final payment from Verb Technology, currently scheduled for November 1, 2021, Plaintiffs seek to distribute the Net Settlement Fund to the Class Members whose claims have been accepted as set forth in Exhibits B-1 and B-2 of the Evans Declaration. Plaintiffs also seek an order, finally rejecting the claim set forth in Exhibit E of the Evans Declaration.

## IV.    CONCLUSION

Based on the foregoing, Lead Plaintiff respectfully requests that the Court approve and enter the [Proposed] Order Granting Motion for Distribution of Class Action Settlement Funds, submitted herewith.

Dated: May 28, 2021

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ *Laurence M. Rosen*
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
T: (213)785-2610
F: (213) 226-4684
lrosen@rosenlegal.com

and

- 8 -

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS

**THE ROSEN LAW FIRM, P.A.**

Jacob A. Goldberg (*pro hac vice*)
Joshua Baker (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA  19012
T: (215) 600-2817
F: (212) 202-3827
jgoldberg@rosenlegal.com
jbaker@rosenlegal.com

***Lead Counsel for Plaintiffs***

- 9 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 28, 2021, I authorized the electronic filing of the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 28, 2021                    /s/ *Jacob A. Goldberg*
                                       Jacob A. Goldberg

- 10 -

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS