UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-05896-GW-MAAx | Date | July 16, 2021 |
|---|---|---|---|
| Title | Scott C. Hartmann v. Verb Technology Company, Inc., et al. | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:**      **IN CHAMBERS - TENTATIVE RULING ON MOTION FOR DISBURSEMENT OF FUNDS FROM CLASS ACTION SETTLEMENT FUNDS [91]**

The Court's Tentative Ruling on Motion for Disbursement of Funds from Class Action Settlement Funds is attached as follows:

Initials of Preparer    jre

CV-90 (06/04)                                      **CIVIL MINUTES - GENERAL**                                      Page 1 of 1

***Hartmann v. Verb Technology Company, Inc., et al.***; Case No. 2:19-cv-05896-GW-(MAAx)
Tentative Ruling on Motion for Disbursement of Funds from Class Action Settlement Funds
.

Lead Plaintiff J. Leister and named Plaintiff Alexander Wolfson, individually and on behalf of a putative class (collectively, "Plaintiffs"), sued Verb Technology Company, Inc. and Rory J. Cutaia ("Defendants") for securities fraud. *See generally* Consolidated Amended Complaint, Docket No. 51. The parties reached a settlement agreement in September 2020. *See* Stipulation of Settlement ("Settlement"), Docket No. 66-3. The Court issued a preliminary approval order on October 28, 2020, and the final approval order on February 18, 2021. *See* Docket No. 75, 87. Before the Court is Plaintiffs' motion for distribution of class action settlement funds ("Motion"). *See* Docket No. 91. Defendants have filed a statement of non-opposition. *See* Docket No. 93.

Plaintiffs request that the Court issue a Settlement Fund Distribution Order pursuant to Paragraph 7.1 of the Settlement, which states in relevant part: "After the Effective Date, Lead Counsel shall apply to the Court, on notice to the Parties, for the Settlement Fund Distribution Order." *See* Settlement ¶ 7.1; Motion at 7-8. The Effective Date as defined by the Settlement has passed. *See id.* ¶¶ 1.12, 1.13, 10.5. No one filed a notice of appeal before or after the March 20, 2021 deadline, *see* Docket No. 88 ¶ 2, and the Court closed the action on April 22, 2021. *See* Docket No. 90.

The Claims Administrator identified 113 valid claims: 109 timely claims received or postmarked by the February 4, 2021 deadline, and four untimely claims received or postmarked after the deadline, but on or before February 18, 2021. *See* Declaration of Sarah Evans Concerning Results of the Claims Administration Process ("Evans Decl."), Docket No. 91-1, ¶ 5(a).[1] Because the four untimely claims have not delayed the Net Settlement Fund distribution and have not appeared to prejudice any authorized claimants, the Court would grant Plaintiffs' request to approve all 113 valid claims as listed in Exhibits B-1 and B-2 to the Evans Declaration. *See* Motion at 4-5; Evans Decl. Exh. B-1, B-2.

---

[1] The Claims Administrator received a total of 234 claim forms but recommended that 95 of those claims be rejected at the outset and rejected an additional 26 claims as inadequately documented. *See* Evans Decl. ¶ 5, Exh. D, F. The Claims Administrator also did not process any claims filed after February 18, 2021 "due to extreme lateness and because their inclusion would have delayed the finalization of the administration." *See id.* ¶ 4 n.1.

1

The Claims Administrator initially identified 46 inadequately documented claims and mailed inadequacy notices to each of those claimants. *See* Evans Decl. ¶ 5(b), Exh. C. Twenty claimants successfully cured their inadequate claims. *See id.* ¶ 5(b). "The remaining 26 inadequate claimants either did not respond to the inadequacy notice or responded with insufficient documentation and were sent a rejection notice setting forth the reason for their inadequacy." *See id.* ¶ 5(b), Exh. D. One of the rejected claimants – who submitted Claim No. 52 – objected to the Claims Administrator's determination. *See id.* ¶ 5(b)(i), Exh. E. In an email dated May 27, 2021, that claimant indicated he would contest the determination in court. *See id.* Exh. E at 47. The Claims Administrator informed the claimant that he "must send [his] objection directly to the Court no later than fourteen (14) days before the Court holds a hearing on the distribution motion" and that he must provide notice of the objection to Lead Counsel. *See id.* Exh. E at 46. The Claims Administrator directed the claimant to its website and the Notice of Settlement, both of which provide instructions as to how to contact the Court, and noted that the Court would require the claimant "to provide the same documentation you have failed to provide to us." *See id.* The Court has not received an objection regarding Claim No. 52, or any other objection regarding the Claims Administrator's determinations in this matter. *See generally* Docket. As such, upon reviewing the documentation provided by Plaintiffs as to Claim No. 52, the Court would accept the Claims Administrator's determination rejecting that claim. *See* Motion at 6; Evans Decl. ¶ 5(b)(i), Exh. E.

The Court also would accept the Claims Administrator's recommendation to reject the additional 95 claims determined to be ineligible. *See* Evans Decl. ¶ 5(c), Exh. F. The Claims Administrator advised the 95 rejected claimants of this determination, and none have objected. *See id.* ¶ 5(c), Exh. G. The Court also would grant the Claims Administrator's request to reject as untimely any claims received after February 18, 2021, and any responses to deficiency and/or rejection notices received after May 26, 2021. *See id.* ¶ 6. Finally, the Court would approve the Claims Administrator's proposed distribution plan, as outlined in the Evans Declaration. *See* Evans Decl. ¶ 7.

Based on the foregoing discussion and unless some issue is raised at the hearing on this matter, the Court would **GRANT** the motion for distribution of class action settlement funds.